# EXHIBIT 1

5/3/2024 10:08 AM
23CV35175

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Edward Andersen, an individual, and Sharrel Andersen, an individual, Plaintiffs,<br><br>v.<br><br>First Brands Group, LLC, a Delaware Limited Liability Company, and Forest River, Inc., a Foreign Domestic Business Corporation,<br><br>Defendants. | CASE NO. 23CV35175<br><br>**SECOND AMENDED CIVIL COMPLAINT**<br>(Strict Liability, Negligence, Breach of Implied Warranty of Merchantability and Fitness)<br><br>**Amount Prayed for:** $1,268,231.40<br><br>Filing Fee: $884 (ORS 21.160(1)(d))<br><br>CLAIM <u>NOT SUBJECT</u> TO MANDATORY ARBITRATION<br><br>DEMAND FOR JURY TRIAL |

1    Plaintiffs allege:

2    **ALLEGATIONS COMMON TO ALL CLAIMS**

3    **1.**

4    Plaintiffs Edward Anderson ("Bill Anderson") and Sharrel Andersen ("plaintiffs"), bring

5    this action against First Brands Group, LLC (previously mistakenly named as Horizon Global

6    Corporation), and Forest River, Inc. ("defendants") for personal injuries caused by defendants in

7    Oregon.

8    **2.**

9    At all relevant times, Horizon Global Corporation ("Horizon Global") was a Delaware for-

10    profit corporation doing business in Oregon.  Horizon Global conducted, and continues to conduct,

SECOND AMENDED CIVIL COMPLAINT –
Page 1

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
info@millerandhopp.com

**EXHIBIT 1**
**Page 1 of 22**

1    a substantial portion of its business in Oregon, including the regular and sustained business of

2    design, manufacture, and wholesale of Reese Revolution Hitch products for use in recreational

3    vehicles and fifth-wheel hitches which are sold throughout the State of Oregon.

**3.**

5    Further, at all times material herein, Horizon Global controlled its agents or employees in

6    all aspects of its operation and service. At all times material herein, Horizon Global's agents or

7    employees were acting within the course and scope of their agency or employment. As such,

8    Horizon Global is vicariously liable, including under the doctrine of *respondeat superior*, for the

9    acts and omissions of its agents or employees.

**4.**

11    At all relevant times, First Brands Group, LLC, ("FBG") was a company of unknown origin

12    doing business in Oregon, and throughout the United States.  FBG conducted, and continued to

13    conduct a substantial portion of its business in Oregon, California, and other states throughout the

14    United States. A substantial portion of FBG's business in California, Oregon, and other states

15    which receive its product line, includes the regular and sustained business of designing,

16    manufacturing, and wholesale of Reese Revolution Hitch products for use in recreational vehicles

17    and Fifth Wheel hitches which are sold throughout the United States, including California and

18    Oregon.

**5.**

20    At all times material herein, FBG controlled its agents or employees in all aspects of its

21    operation and service. At all times material herein, FBG's agents or employees were acting within

22    the course and scope of their agency or employment. As such, FBG is vicariously liable, including

23    under the doctrine of *respondeat superior*, for the acts and omissions of its agents or employees.

**SECOND AMENDED CIVIL COMPLAINT –**
Page 2

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
**info@millerandhopp.com**

**EXHIBIT 1**
**Page 2 of 22**

1

2                                           **6.**

3          On information and belief, there exists, and at all times herein mentioned there existed, a

4   unity of interest and ownership between defendant Horizon Global and FBG, such that any

5   individuality and separateness between these defendants and/or their respective managers,

6   members or shareholders, was/is eliminated and non-existent whereby Horizon Global and FBG

7   and/or their respective managers, members and/or shareholders are the alter ego of each other in

8   that FBG y and through their managers, members and/or shareholders exercised dominion and

9   control over Horizon Global and *vice versa* such that they commingled assets, shared company

10  assets, used the same phone numbers (800-632-3290), same offices (3255 West Hamilton Road,

11  Rochester Hills, MI 48309), marketing and advertising materials (when on the FBG website and

12  one clicks the "Reese" product line tab, they are taken to the Horizon Global product catalogue)

13  and other assets such that the companies are one and the same and there is no real or *de facto*

14  separateness between the entities or their managers, members and/or shareholders.  Adherence to

15  the fiction of the separate existence of defendants Horizon Global and FBG and/or their respective

16  managers, members and/or shareholders would permit an abuse of the corporate or limited liability

17  company privileges and would sanction fraud and promote injustice in that persons injured by

18  defective products or defective or substandard installation will not be able to readily identify those

19  responsible for said conduct and their efforts to seek redress as authorized by law will be frustrated

20  all to Plaintiffs' prejudice.

21                                          **7.**

**SECOND AMENDED CIVIL COMPLAINT –**
Page 3

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
**info@millerandhopp.com**

**EXHIBIT 1**
**Page 3 of 22**

1    On information and belief, Plaintiffs allege that Horizon Global and FBG, are, and at all

2    times herein mentioned were, so inadequately capitalized that, compared with the business to be

3    done by these defendants and the risks of loss, their capitalization was illusory and/or trifling.

4                                               **8.**

5    Adherence to the fiction of the separate existence of defendants, Horizon Global and FBG,

6    from each other, would permit an abuse of the corporate or limited liability company privileges

7    and would sanction fraud and promote injustice in that the solvent and financially stable defendants

8    would be replaced by an insolvent company or defendant, all to Plaintiffs' detriment.

9                                               **9.**

10   At all relevant times, Forest River, Inc. ("Forest River") is a Foreign Business Corporation

11   registered in the State of Indiana but duly authorized and doing business in Oregon.  Forest River

12   conducted, and continues to conduct, a substantial portion of its business in Oregon, including the

13   regular and sustained business of designing, manufacturing, and wholesaling of recreational

14   vehicles to numerous retail stores throughout the State of Oregon.

15                                              **10.**

16   Further, at all times material herein, Forest River controlled its agents or employees in all

17   aspects of its operation and service. At all times material herein, Forest River's agents or

18   employees were acting within the course and scope of their agency or employment. As such, Forest

19   River is vicariously liable, including under the doctrine of *respondeat superior*, for the acts and

20   omissions of its agents or employees.

21                                              **11.**

22   At all relevant times, Giant Inland Empire RV Center, Inc. ("Giant Inland RV") was a

23   California for-profit corporation doing business in California.

24                                              **12.**

---

**SECOND AMENDED CIVIL COMPLAINT –**
Page 4

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
info@millerandhopp.com

**EXHIBIT 1**
**Page 4 of 22**

1    At all times material herein, Giant Inland RV controlled its agents or employees in all

2 aspects of its operation and service. At all times material herein, Giant Inland RV's agents or

3 employees were acting within the course and scope of their agency or employment. As such, Giant

4 Inland RV is vicariously liable, including under the doctrine of *respondeat superior*, for the acts

5 and omissions of its agents or employees.

6    **13.**

7    On or about September 30, 2017, plaintiff purchased a new 2018 Forest River Rockwood

8 Signature Ultralight Model 8299BS bearing vin number 4X4FRLE26J1880476 and Stock#

9 FRW743 (the "Rockwood") from Giant Inland RV.

10    **14.**

11    The Rockwood came equipped with a Reese Revolution 5th-wheel arm/wedge combination

12 for use with a 5th Wheel Hitch.

13    **15.**

14    On or about September 30, 2017, Giant Inland RV assembled and installed a new 16k

15 Husky Hitch for GM Puck System (the "Hitch") into plaintiff's 2016 Chevrolet Silverado 2500

16 (the "Truck"). At the same time, Giant Inland RV assembled and installed the wedge portion of

17 the Reese Revolution 5th-wheel arm/wedge combination (the "Wedge") onto the Hitch. On

18 information and belief, the arm component of the Wedge had been installed onto the Rockwood at

19 the time of manufacture or wholesale.

20    **16.**

21    Forest River, Giant Inland RV each marketed the Reese Revolution 5th-wheel arm/wedge

22 combination as being compatible with the Rockwood and/or the Hitch.

23    **17.**

**SECOND AMENDED CIVIL COMPLAINT –**
Page 5

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
**info@millerandhopp.com**

**EXHIBIT 1**
**Page 5 of 22**

1      On September 2, 2021, plaintiff Sharrel Andersen was driving the Truck northbound on I-

2  5 near milepost 76 with plaintiff Bill Andersen as her passenger. Suddenly and without warning

3  the Reese Revolution 5th-wheel arm/wedge combination catastrophically failed, causing a

4  complete loss of control of the Rockwood such that it repeatedly slammed into the Truck, at

5  highway speed, destroying both vehicles and injuring plaintiffs.

6                    **18.**

7       On information and belief, the catastrophic failure was caused by defendants Horizon

8  Global's defective design and/or manufacture of the Reese Revolution 5th-wheel arm/wedge

9  combination, Forest River's defective design and/or manufacture of the Rockwood, or in the

10  alternative, defective installation of the Reese Revolution 5th-wheel arm/wedge combination by

11  Giant Inland RV.

12                   **19.**

13       Plaintiffs suffered damages as more fully described below.

14                   **20.**

15       As a result of defendant's conduct, Plaintiffs' Rockwood was totaled at a value of

16  $110,213.60. As a further result of the defect. Plaintiffs' Truck was totaled at a value of

17  $78,017.80. All to Plaintiffs' joint economic property damages in the amount of $188,231.40.

18  Plaintiffs are further entitled to recover pre-judgment and post-judgment interest at the legal rate

19  of 9% interest per-annum, with pre-judgment interest applying only to the above economic

20  damages and starting from the date this complaint is served on defendants.

21                   **21.**

22           **Injuries to Plaintiff Bill Anderson**

SECOND AMENDED CIVIL COMPLAINT –
Page 6

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
info@millerandhopp.com

**EXHIBIT 1**
**Page 6 of 22**

1      As a result of defendants' conduct, plaintiff Bill Andersen sustained the following injuries

2  and damages:

3          a)  Neck pain;

4          b)  Right hand numbness;

5          c)  Tingling in right fingers;

6          d)  Right arm numbness;

7          e)  Low back pain;

8          f)  Emotional distress;

9          g)  Numbness and tingling in left hand;

10         h)  Tingling in right hand;

11         i)  Sleep disturbance;

12         j)  Limited range of motion to cervical region;

13         k)  Neural foraminal compromise in cervical region;

14         l)  Paresthesia's in right 1-4th digits;

15         m) Posterior osteophytes at C3;

16         n)  Muscle spasm;

17         o)  Muscle sprain;

18         p)  At C3-4, 3-4 mm circumferential disc bulge;

19         q)  At C3-4, Bilateral neural foraminal narrowing;

20         r)  At C3-4, Spinal stenosis measuring 9mm in AP dimension;

21         s)  At C3-4, bilateral facet join arthrosis

22         t)  At C4-5, 3mm circumferential disc bulge;

23         u)  At C4-5, bilateral neural foraminal narrowing;

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 7 of 22

v)  At C4-5, bilateral facet join arthrosis;

w)  At C5-6, 3-4 mm circumferential disc bulge;

x)  At C5-6, bilateral neural foraminal narrowing;

y)  At C6-7, 3-4 mm circumferential disc bulge;

z)  At C6-7, bilateral neural foraminal narrowing;

aa) At C6-7, bilateral facet arthrosis;

bb) At C7-T1, 3 mm circumferential disc bulge;

cc) At C7-T1, bilateral neural foraminal narrowing;

dd) At C7-T1, bilateral facet arthrosis;

ee) Spinal mobility deficits; and

ff)  Movement coordination deficits.

**22.**

As a further result of defendants' negligence, plaintiff Bill Andersen has incurred medical and related expenses in the approximate amount of $40,000.00. Plaintiff reserves the right to amend this figure as he continues treating.

**23.**

As a result of his injuries, plaintiff Bill Andersen has and will continue to suffer physical, mental and emotional pain. His right to enjoy life has been diminished because of his inability to engage in his normal activities without pain. He is susceptible to degeneration and re-injury of the injured areas listed above. He is entitled to an award of non-economic damages in the approximate amount of $500,000.00. Plaintiff is further entitled to recover post-judgment interest at the legal rate of 9% interest per-annum.

**24.**

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
info@millerandhopp.com

**EXHIBIT 1**
**Page 8 of 22**

1          **Injuries to Plaintiff Sharrel Anderson**

2          As a result of defendants' conduct alleged above, plaintiff Sharrel Andersen sustained the

3    following injuries and damages:

4          a)  Neck pain;

5          b)  Lower back pain;

6          c)  Migraines;

7          d)  Sleep disturbance;

8          e)  Cervicogenic headache;

9          f)  Facet syndrome of the cervical spine;

10         g)  Cervical myofascial pain syndrome;

11         h)  Lateral thigh pain;

12         i)  Progressive weakness in the left hand;

13         j)  Reduced range of motion to cervical spine;

14         k)  Suboccipital and C1-2 joint stiffness causing headaches;

15         l)  Muscle power deficits;

16         m) Emotional distress;

17         n)  Diffuse disc desiccation with severe disc height loss at L4-L5;

18         o)  Mild to moderate disc height loss at L1-L2 and L2-L3;

19         p)  Schmorl's node formation and degenerative marrow signal changes along endplates;

20         q)  Prominent Modic type I marrow signal changes at L4-L5;

21         r)  Trace 1 to 2 mm retrolisthesis of L3 and L4;

22         s)  L1-2 disc bulge and facet arthropathy;

23         t)  L2-3 disc bulge;

---

SECOND AMENDED CIVIL COMPLAINT –
Page 9

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

**EXHIBIT 1**
**Page 9 of 22**

1        u) L2-3 ligamentum flavum thickening;

2        v) L2-3 facet arthropathy resulting in mild narrowing of the thecal sac and bilateral neural

3            foraminal narrowing;

4        w) L3-4 disc bulge;

5        x) L3-4 facet arthropathy resulting in mild bilateral neural foraminal narrowing;

6        y) L4-5 4 mm right foraminal disc osteophyte complex;

7        z) L4-5 3-4 mm left foraminal disc protrusion;

8        aa) L4-5 ligamentum flavum thickening and facet arthropathy resulting in moderate right

9            neural foraminal narrowing with encroachment on the exiting right L4 nerve root;

10       bb) L4-5 mild to moderate left neural foraminal narrowing;

11       cc) L5-S1 2 mm disc bulge; and

12       dd) At L5-S1, facet arthropathy.

13                      **25.**

14       As a further result of defendants negligence, plaintiff Sharell Andersen has incurred

15 medical and related expenses in the approximate amount of $40,000.00. Plaintiff reserves the right

16 to amend this figure as he continues treating.

17                      **26.**

18       As a result of his injuries, plaintiff Sharrel Andersen has and will continue to suffer

19 physical, mental and emotional pain. Her right to enjoy life has been diminished because of her

20 inability to engage in her normal activities without pain. She is susceptible to degeneration and re-

21 injury of the injured areas listed above. She is entitled to an award of non-economic damages in

22 the <u>approximate</u> amount of $500,000.00. Plaintiff is further entitled to recover post-judgment

23 interest at the legal rate of 9% interest per-annum.

SECOND AMENDED CIVIL COMPLAINT –
Page 10

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 10 of 22

1

**FIRST CLAIM FOR RELIEF**

2

**(Count One: Strict Liability Under ORS 30.920)**

3

**27.**

4

Plaintiff realleges paragraphs 1 through 26 as though set forth fully herein.

5

**28.**

6

    Under ORS 30.920, a seller of any product in a defective condition, unreasonably

7

dangerous to the consumer, is subject to liability for physical harm to the consumer if the seller is

8

engaged in the business of selling such a product, and the product is expected to and does reach

9

the consumer without substantial change in the condition in which it is sold.

10

**29.**

11

    The failure to design and/or manufacture, the Reese Revolution 5th-wheel arm/wedge

12

combination and/or the Rockwood as described in paragraph 13 above, resulted in a defective

13

condition that rendered Reese Revolution 5th-wheel arm/wedge combination and the Rockwood

14

unreasonably dangerous to plaintiffs, the consumers. The Reese Revolution 5th-wheel arm/wedge

15

combination and the Rockwood were expected to and did reach the plaintiffs without substantial

16

change in the condition in which they were sold.  Defendants also failed to provide proper and

17

adequate warnings for safe use, as well as the dangers of use, relative to the unreasonably

18

dangerous condition of the Reese Revolution 5th-wheel arm/wedge combination and the

19

Rockwood.

20

**30.**

21

    As a producer and seller of the Reese Revolution 5th-wheel arm/wedge combination and/or

22

the Rockwood, defendants are strictly liable under ORS 30.920 for the injuries and damages that

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
**info@millerandhopp.com**

**EXHIBIT 1**
**Page 11 of 22**

1  plaintiffs have suffered and will continue to suffer as alleged in paragraphs 15 through 21 above,

2  which are realleged and incorporated by reference herein.

3  **(Count Two: Negligence)**

4  **31.**

5  Plaintiffs reallege paragraphs 1 through 26 as though set forth fully herein.

6  **32.**

7  Defendant FBG was negligent in one or more of the following particulars, each of which

8  created a foreseeable and unreasonable risk of harm to plaintiff:

9  a)  In failing to exercise due care in the hiring and retention of its agents and employees;

10  b)  Failed to properly supervise, coordinate, and/or inspect the design of the Reese 5th-

11  wheel arm/wedge combination in accordance with, FBG design standards, FBG's

12  Installation Guide, SAE Standards, ASTM Standards, FMVSS Standards;

13  c)  Failed to properly supervise, coordinate, and/or inspect the selection of materials used

14  in the manufacture of the Reese 5th-wheel arm/wedge combination;

15  d)  Failed to properly supervise, coordinate, and/or inspect the manufacture of the Reese

16  5th-wheel arm/wedge combination in accordance with the applicable FBG design

17  standards, FBG's Installation Guide, SAE Standards, ASTM Standards, FMVSS

18  Standards;

19  e)  Failed to properly supply a Reese 5th-wheel arm/wedge combination that was free of

20  defects or that complied with FBG design standards, FBG's Installation Guide, SAE

21  Standards, ASTM Standards, FMVSS Standards;

22  f)  Failed to identify manufacturing defects that they knew or reasonably should have

23  known needed repair or replacement;

SECOND AMENDED CIVIL COMPLAINT –
Page 12

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 12 of 22

1  g) Failed to instruct or warn plaintiffs of the design and manufacturing defects in the

2  Reese 5th-wheel arm/wedge combination that made it unreasonably dangerous.

3  h) Concealed the design and manufacturing defects and/or the extent of those defects that

4  they knew or reasonably should have known needed repair or replacement; and

5  i) Failed to repair or remedy any manufacturing defects of the Reese 5th-wheel

6  arm/wedge combination that they knew or should have known needed repair or

7  replacement.

8  j) In failing to conduct adequate stress testing of the Reese 5th-wheel arm/wedge

9  combination;

10  k) Failed to properly supply a Reese 5th-wheel arm/wedge combination that was free of

11  defects or that complied with FBG design load standards, and/or industry standards;

12  l) In failing to provide adequate instruction to Forest River, Giant Inland RV, and

13  consumers for the safe installation of the Wedge;

14  m) In selling and providing the Wedge in a condition that was not safe for its ordinary

15  and foreseeable use;

16  n) In failing to properly educate its agents and employees with respect to detection of

17  defective and unreasonably dangerous conditions present in the Wedge;

18  o) In failing to adequately warn plaintiff of the defective and unreasonably dangerous

19  condition of the Wedge;

20  p) In allowing its agents and employees to deliver the Wedge in a defective and

21  unreasonably dangerous condition;

22  q) In failing to exercise ordinary care in supervising its agents and employees conduct;

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 13 of 22

1      r)  In failing to prevent the foreseeable misconduct of its agents and employees from

2           causing harm to others including plaintiff as alleged herein;

3      s)  In causing foreseeable and unreasonable injury to plaintiff; and

4      t)  In acting in a manner that was dangerous under the circumstances.

5         **33.**

6      Defendant Forest River was negligent in one or more of the following particulars, each of

7  which created a foreseeable and unreasonable risk of harm to plaintiff:

8      a)  Failed to properly inspect the Reese 5th-wheel arm/wedge combination for

9           manufacturing defects prior to sale;

10     b)  In failing to conduct adequate stress testing of the Reese 5th-wheel arm/wedge

11          combination;

12     c)  Failed to properly supply the Rockwood in a condition that was free of defects or that

13          complied with Forest River's design standards, and/or SAE Standards, ASTM

14          Standards, FMVSS Standards;

15     d)  Failed to properly supervise, coordinate, and/or inspect the manufacture of the

16          Rockwood in accordance with the applicable Forest River design standards, Forest

17          River Installation Guide, SAE Standards, ASTM Standards, FMVSS Standards;

18     e)  Failed to repair or remedy the manufacturing defects of the Rockwood that it knew or

19          should have known needed repair or replacement;

20     f)  Concealed the manufacturing defects and/or the extent of those defects that it knew or

21          reasonably should have known needed repair or replacement;

22     g)  In failing to exercise due care in the hiring and retention of its agents and employees;

23     h)  In failing to properly install the Wedge on the Rockwood;

SECOND AMENDED CIVIL COMPLAINT –
Page 14

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 14 of 22

1       i)   In failing to provide Giant Inland RV and plaintiff instructions for safe installation of

2             the Wedge;

3       j)   In failing to provide adequate warnings related to the Wedge;

4       k)   In failing to detect the dangerous condition of the Wedge;

5       l)   In selling and providing the Rockwood with the Wedge in a condition that was not

6             safe for its ordinary and foreseeable use;

7       m) In failing to properly educate its agents and employees with respect to detection of

8             defective and unreasonably dangerous conditions;

9       n)   In failing to adequately warn plaintiff of the defective and unreasonably dangerous

10            condition;

11       o)   In allowing its agents and employees to deliver the Rockwood and Wedge in a

12            defective and unreasonably dangerous condition;

13       p)   In failing to exercise ordinary care in supervising its agents and employees conduct;

14       q)   In failing to prevent the foreseeable misconduct of its agents and employees from

15            causing harm to others including plaintiffs as alleged herein;

16       r)   In causing foreseeable and unreasonable injury to plaintiffs; and

17       s)   In acting in a manner that was dangerous under the circumstances.

18                         **34.**

19         Defendants' negligence was a substantial factor in causing plaintiffs' injuries. As a result

20 of defendants' negligence, plaintiffs have suffered the injuries and damages alleged in paragraphs

21 15 through 21, above, which are realleged and incorporated by reference herein.

22

SECOND AMENDED CIVIL COMPLAINT –
Page 15

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 15 of 22

1     **(Count Three: Breach of Implied Warranty of Merchantability and Fitness—All**

2     **Defendants)**

3     **35.**

4     Plaintiff realleges paragraphs 1 through 26 as though set forth fully herein.

5     **36.**

6     At all times material, defendants were merchants within the meaning of ORS 72.1040(1)

7 with respect to the Rockwood and the Wedge. Defendants were in the business of manufacturing

8 and/or selling Recreational Vehicles and 5th Wheel Hitch Components, including the Rockwood

9 and the Wedge at issue.

10     **37.**

11     At all times material, plaintiffs were in privity with defendants as plaintiffs placed the

12 order, including the Rockwood equipped with the Wedge from defendants.

13     **38.**

14     Defendants impliedly warranted to plaintiffs that the condition of the Reese 5th-wheel

15 arm/wedge combination was specifically fit for use on the Rockwood and the Hitch, that the

16 Wedge provided was of a quality that would pass without objection in the trade, was fit for

17 ordinary purposes for which such products are used, and in all other respects was of merchantable

18 quality as further defined by ORS 72.3140.

19     **39.**

20     Plaintiffs reasonably relied on this implied warranty of merchantability in the purchase of

21 the order including the Rockwood equipped with the Reese 5th-wheel arm/wedge combination

22 from defendants.

23     **40.**

SECOND AMENDED CIVIL COMPLAINT –
Page 16

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
info@millerandhopp.com

**EXHIBIT 1**
**Page 16 of 22**

1    Plaintiffs further relied on defendants' skill and judgment in selection of the Rockwood

2    equipped with the Reese 5th-wheel arm/wedge combination and on defendants' implied warranty

3    of fitness for use of the Reese 5th-wheel arm/wedge combination as a safe product.

4    / / /

5    / / /

6    **41.**

7    At all times material, defendants knew of the particular purpose for which plaintiffs were

8    going to use the Rockwood equipped with the Reese 5th-wheel arm/wedge combination, as well

9    as plaintiffs' reliance on defendants' skill or judgment in selecting the Reese 5th-wheel arm/wedge

10    combination.

11    **42.**

12    Defendants breached the implied warranty of merchantability set forth in ORS 72.3140,

13    and the implied warranty of fitness set forth in ORS 72.3150 by manufacturing, selling and

14    installing the Reese 5th-wheel arm/wedge combination onto the Rockwood  as described above,

15    in that the Reese 5th-wheel arm/wedge combination was not merchantable and was unfit for the

16    ordinary purposes for which it was sold, was unsafe, would not pass without objection in the trade

17    under the contract description, and did not conform to the promises or affirmations of fact made

18    on the manufacturing specifications.

19    **43.**

20    As a direct result of the breaches of the implied warranties described above, plaintiffs have

21    suffered the injuries and damages alleged in paragraphs 15 through 21 above.

22    **WHEREFORE,** plaintiff requests judgment against defendants as follows:

23    First Claim for Relief

SECOND AMENDED CIVIL COMPLAINT –
Page 17

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

EXHIBIT 1
Page 17 of 22

1    <u>On Behalf of Bill Andersen</u>

2        a)  Plaintiff's economic medical damages in the amount of $40,000.00;

3        b)  Plaintiff's share of economic property damages in the amount of $94,115.70;

4        c)  Plaintiff's noneconomic damages in the amount of $500,000.00;

5        d)  Post-judgment interest at the legal rate of 9% interest per-annum;

6        e)  Plaintiff's costs and disbursement incurred herein; and

7        f)  Such other relief that the Court deems just and equitable.

8    <u>On Behalf of Sharrel Andersen</u>

9        a)  Plaintiff's economic medical damages in the amount of $40,000.00;

10       b)  Plaintiff's share of economic property damages in the amount of $94,115.70;

11       c)  Plaintiff's noneconomic damages in the amount of $500,000.00;

12       d)  Post-judgment interest at the legal rate of 9% interest per-annum;

13       e)  Plaintiff's costs and disbursement incurred herein; and

14       f)  Such other relief that the Court deems just and equitable.

**DATED: May 3, 2024.**

By: ____/s/ Emmanuel B. Miller_____
    Emmanuel Miller, OSB # 151319
    Attorney for Plaintiffs
    Trial Attorney: Emmanuel B. Miller

SECOND AMENDED CIVIL COMPLAINT –
Page 18

**Miller & Hopp, Attorneys at Law**
**210 NW Irving Ave, Ste 101**
**Bend, Oregon 97703**
**P: (541) 948-8830**
**F: (458) 206-7332**
**info@millerandhopp.com**

**EXHIBIT 1**
**Page 18 of 22**

5/29/2024 2:00 PM
23CV35175

1

2

3

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

4

5

6    EDWARD ANDERSEN, an individual, and    CASE NO. 23CV35175
     SHARREL ANDERSEN, an individual,
7              Plaintiffs,

8                                            **SUMMONS**

9         v.

10

11   First Brands Group, LLC, a Delaware
     Limited Liability Company; Forest River,
12   Inc., a Foreign Domestic Business
     Corporation,
13

14             Defendants.

15   **TO:**    **First Brands Group, LLC**
                **c/o Corporation Service Company**
16              **251 Little Falls Drive,**
                **Wilmington, DE 19808**
17

18   IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend
     the complaint filed against you in the above-entitled cause within 30 days from the date of service
19   of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for
     the relief demanded in the complaint.
20

21           NOTICE TO DEFENDANT:                TO THE OFFICER OR OTHER PERSON
          READ THESE PAPERS CAREFULLY            SERVING THIS SUMMONS:
22
     You must "appear" in this case or the other side will win    You are hereby directed to serve a true copy of this
23   automatically. To appear you must file with the court a       summons, together with a true copy of the first
     legal paper called a motion or answer. The motion or         amended complaint mentioned therein upon the
24   answer must be given to the court clerk or administrator      individual(s) or other legal entity(ies) to whom or
     within 30 days along with the required filing fee. It must    which this summons is directed.
25   be in proper form and have proof of service on the
     plaintiff's lawyer or, if the plaintiff does not have a lawyer,
26   proof of service on the plaintiff.                           By: ___/s/ Emmanuel B. Miller_____
                                                                     Emmanuel B. Miller, OSB#151319
27   If you have any questions, you should see a lawyer              Attorney for Plaintiff
     immediately. If you need help in finding a lawyer, you may
28   call the Oregon State Bar's Lawyer Referral Service at
     503-684-3763 or toll-free in Oregon at 800-452-7636.

     PAGE | 1 – SUMMONS

                                                      Miller & Hopp, Attorneys at Law
                                                      210 NW Irving Ave, Ste 101
                                                      Bend, Oregon 97703
                                                      P: (541) 948-8830
                                                      F: (458) 206-7332
                                                      info@millerandhopp.com

**EXHIBIT 1**
**Page 19 of 22**

1

2

**DATED: May 3, 2024.**

3    By: __/s/ Emmanuel B. Miller_____
        Emmanuel B. Miller, OSB#151319

4        Attorney for Plaintiff
        Trial Attorney: Emmanuel B. Miller

5

6    STATE OF OREGON        )
                            ) ss

7    COUNTY OF DESCHUTES  )

8        I, Emmanuel B. Miller, Plaintiff's attorney, do hereby certify that I prepared the foregoing copy of Summons and have carefully compared the same with the original thereof; and that it is a true and correct copy of said original.

9        **DATED: May 3, 2024.**                    By: __/s/ Emmanuel B. Miller_____
                                                        Emmanuel B. Miller, OSB#151319

10                                                    Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE | 2 – SUMMONS

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

**EXHIBIT 1**
**Page 20 of 22**

5/29/2024 2:00 PM
23CV35175

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| EDWARD ANDERSEN, an individual, and SHARREL ANDERSEN, an individual,<br><br>      Plaintiffs,<br><br>      v.<br><br>First Brands Group, LLC, a Delaware Limited Liability Company; Forest River, Inc., a Foreign Domestic Business Corporation,<br><br>      Defendants. | CASE NO. 23CV35175<br><br>**SUMMONS** |

TO:     **FIRST BRANDS GROUP, LLC**
            **c/o REGISTERED AGENT SOLUTIONS, INC.**
            **838 WALKER ROAD SUITE 21-2**
            **DOVER, DE 19904**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To appear you must file with the court a legal paper called a motion or answer. The motion or answer must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's lawyer or, if the plaintiff does not have a lawyer, proof of service on the plaintiff.

If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at 503-684-3763 or toll-free in Oregon at 800-452-7636.

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**

You are hereby directed to serve a true copy of this summons, together with a true copy of the first amended complaint mentioned therein upon the individual(s) or other legal entity(ies) to whom or which this summons is directed.

By: ___/s/ Emmanuel B. Miller_____
      Emmanuel B. Miller, OSB#151319
      Attorney for Plaintiff

PAGE | 1 – SUMMONS

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

**EXHIBIT 1**
**Page 21 of 22**

1

2    **DATED: May 24, 2024.**

3    By: __/s/ Emmanuel B. Miller_____
           Emmanuel B. Miller, OSB#151319
4          Attorney for Plaintiff
           Trial Attorney: Emmanuel B. Miller
5

6    STATE OF OREGON          )
                              ) ss
     COUNTY OF DESCHUTES  )
7
            I, Emmanuel B. Miller, Plaintiff's attorney, do hereby certify that I prepared the foregoing copy of Summons and have
8    carefully compared the same with the original thereof; and that it is a true and correct copy of said original.

9          **DATED: May 24, 2024.**                        By: __/s/ Emmanuel B. Miller_____
                                                                Emmanuel B. Miller, OSB#151319
10                                                              Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE | 2 – SUMMONS

Miller & Hopp, Attorneys at Law
210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

**EXHIBIT 1**
**Page 22 of 22**